## PARKS v. WATSON *et al.*

No. 4386.　Opinion Filed September 7, 1915.

(151 Pac. 477.)

MORTGAGES—Redemption by Purchaser—Contract Procured by Fraud.　Under the laws in force in the Indian Territory prior to statehood, one to whom a **bona fide** transfer of a mortgagor's estate was made might redeem the property by payment of the debt secured by the mortgage, and his contract to pay more, induced by the fraud of the mortgagee, cannot be enforced.

(Syllabus by Bleakmore, C.)

*Error from District Court, Muskogee County;*
*R. P. deGraffenried, Judge.*

Action by Laura Parks, executrix of the estate of C. F. Parks, deceased, against William Watson and others. Judgment for defendants Watson, and plaintiff brings error. Affirmed.

*Butte, Boone & Lattimore,* for plaintiff in error.

*Bailey, Wyand & Moon,* for defendants in error.

Opinion by BLEAKMORE, C.　This case was commenced in the district court of Muskogee county on the 31st day of October, 1911, by the plaintiff in error, as plaintiff, against Willie Watson and Walter Watson, defendants in error, and Joe McCusker and W. N. Patterson, as defendants, on a promissory note for $4,000, and to foreclose a real estate mortgage given to secure the same. The parties will be referred to hereafter as they appeared in the court below. The case was tried to the court.

The facts, as disclosed by the record, are that on September 6, 1904, one Phillip R. Ceasar borrowed from plaintiff's testator, C. F. Parks, $1,160, and to secure the pay-

ment thereof executed a warranty deed to said Parks; that as a part of the same transaction said Parks executed and delivered to said Ceasar a written instrument of defeas-ance. The deed was recorded; the defeasance was not. Shortly therafter Phillip R. Ceasar died, having devised all his property to his wife, Mittie Ceasar. In March, 1909, Mittie Ceasar entered into a contract with one R. N. Eggles-ton, by the terms of which she agreed to convey to him the land described in the deed to Parks for a consideration of $10,000. On March 11, 1910, Mittie Ceasar executed a quitclaim deed conveying her interest in said land to the defendant Willie Watson. On March 10, 1910, R. N. Eg-gleston began suit in the superior court of Muskogee county against Mattie Ceaser and Willie Watson, alleging that the deed executed by Phillip R. Ceasar to C. F. Parks was a mortgage, and praying specific performance of the con-tract between himself and Mittie Ceasar. The court therein found that said deed from Phillip R. Ceasar was intended as a mortgage, and rendered the decree as prayed. Subse-quently Mittie Ceasar and Willie Watson joined in a deed to Eggleston to said land for a consideration of $11,900; and Eggleston in turn conveyed it to Joe McCusker and W. N. Patterson. On March 18, 1910, C. F. Parks executed. a deed of special warranty, by the terms of which he con-veyed said land to the defendant Willie Watson; the con-sideration being the note and mortgage in suit in the in-stant case. At the time of the execution of the deed to Eggleston by Mittie Ceasar and the defendant Willie Wat-son, $4,640 of the purchase price was deposited in the First National Bank of Muskogee, to be held pending the settle-ment of the claim of plaintiff herein by virtue of said note and mortgage to C. F. Parks; he having died in the mean-time, while the owner and holder thereof. The case was,

by stipulation of the parties, dismissed as to McCusker and Patterson.

Defendant herein, Willie Watson, in her answer alleges that at the time of the execution of the deed to her by C. F. Parks he falsely and fraudulently represented to her that he was seised of a good and indefeasible title to said land, and that the deed which he then executed and delivered to her was one of general warranty, and she, believing said representation to be true and relying thereon, was induced to execute and deliver to him the note and mortgage sued on; that the deed from Phillip R. Ceasar to Parks was intended as a mortgage to secure a loan of money, and that by virtue thereof Parks only became the owner of an equitable interest in said land; and that plaintiff in no event was entitled to recover more than the sum loaned by her testator to said Ceasar, with interest. The trial court found that the deed from Ceasar to Parks was intended as a mortgage; that at the time of the execution of the deed by Parks to defendant, and of the note and mortgage by defendant to him, Parks falsely and fraudulently represented to her that he was the owner of a good and indefeasible title to the land, and that defendant, believing said representations to be true, executed her note and mortgage; and that plaintiff was entitled to recover only the sum of money loaned by Parks to Ceasar, with interest—and rendered judgment accordingly.

Plaintiff assigns as error:

(1) "Error in the assessment of the amount of recovery, in that the same is too small."

(2) "That the decision and judgment is not sustained by sufficient evidence."

(3) "That the decision and judgment is contrary to law."

(4) "Error of law occurring at the trial and excepted to by plaintiff."

In discussing the foregoing assignments of error, plaintiff, while admitting that there was evidence to support the finding that the deed from Phillip R. Ceasar to C. F. Parks was intended as a mortgage, earnestly contends that there was no evidence reasonably tending to establish the fact of any false or fraudulent representations, and urges that in the absence of fraud plaintiff was entitled to recover the full amount of the note, for the reason that the deed from Parks to defendant Willie Watson was merely a quitclaim deed, and defendants may not defeat a recovery of the purchase money upon the ground of failure of consideration.

A careful reading of all the evidence convinces us that the findings of the court upon these questions are amply sustained. The conveyance from Phillip R. Ceasar to C. F. Parks, and the defeasance executed by Parks to Ceasar, were made prior to statehood, in the then Indian Territory, where the common law, and certain general laws of the State of Arkansas, as construed by the Supreme Court of that state were in force; and although such conveyance was in form a warranty deed, it was intended as security for a debt, and was, in equity, a mortgage.

In *Turner v. Watkins et al.*, 31 Ark. 429, it is held:

"Every instrument intended to secure the payment of money, whatever may be its form, and whatever name the party may choose to give it, is, in equity, a mortgage. [*Flagg v. Mann*], 2 Sumn. 533 [Fed. Cas. No. 4847]; Story's Eq. sec. 1017; [*Cotterell v. Long*], 20 Ohio, 469, 472; *Read v. Gaillard*, 2 Desaus. 555 [2 Am. Dec. 696];

*Eaton v. Whiting,* 3 Pick. [Mass.] 484; *Bloom v. Van Rensselaer,* 15 Ill. 505."

"The right of redemption from a mortgage belongs primarily to the mortgagor, and to those succeeding to his title, and to such persons as have a title or interest in the mortgaged premises which would be prejudiced by the foreclosure." (27 Cyc. 1804.) "If the land incumbered has been disposed of by the will, the devisee may redeem." *(Id.* 1808.)

In *Scott v. Henry,* 13 Ark. 112, it is said:

"One to whom a *bona fide* transfer of the mortgagor's estate is made, may redeem the property."

In *State v. Lawson,* 6 Ark. 269, it is stated:

"The equity of redemption is considered to be the real and beneficial estate, tantamount to the fee at law, and is accordingly held to be descendible by inheritance, devisable by will, and alienable by deed, precisely as if it were an estate of inheritance at law. * * * With regard to the persons who have the right to redeem, it is of course to be understood that any party, upon whom the law vests an equity of redemption either by its own operation, or by the act of the parties, may redeem a mortgage. Indeed, the latter part of the proposition is but the repetition of the former, since such an equity of redemption itself is nothing but the right or power to redeem. It seems any one may redeem a mortgage, who is entitled to the legal estate of the mortgagor, or claims a subsisting estate under it."

Mittie Ceasar, as devisee under the will of Phillip R. Ceasar, succeeded to all his right and title in and to the mortgaged property; and the defendant Willie Watson, by virtue of the deed of Mittie Ceasar to her, acquired the equity of redemption in said land, and was entitled to redeem the same by paying the debt due to C. F. Parks, secured by the mortgage of Phillip R. Ceasar. The only effect of the deed of C. F. Parks to Willie Watson was to

release and assign to her his rights in the land as mortgagee. Notwithstanding the fact that, by the execution of the note and mortgage in suit, defendant Willie Watson had contracted with plaintiff's testator, C. F. Parks, to pay more than the amount of the obligation secured by the mortgage of Phillip R. Ceasar to him, yet, under the circumstances of this case, it is clear that the trial court did not err in its judgment.

Obviously, in equity, plaintiff is entitled only to the amount of the debt due her testator, with interest, and to exact more of defendant in denying her the right of redemption of Phillip R. Ceasar, which she had acquired by *bona fide* transfer, by enforcing payment of her note to Parks in full, would be inequitable and unjust.

It follows that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.